UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.   8:05-cr-447-T-23MAP
            8:14-cv-940-T-23MAP

RONNIE BROUGHTON
_____/

**O R D E R**

Broughton's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to possess with the intent to distribute fifty grams or more of cocaine. In 2006 Broughton pleaded guilty without a plea agreement and was sentenced to 262 months. (Doc. 28) In 2008 Broughton's sentence was reduced to 188 months under the terms of Rule 35(b), Federal Rules of Criminal Procedure. (Docs. 121 and 122) In 2012 Broughton moved to modify or reduce his sentence under the retroactive application of Amendment 750 to the Sentencing Guidelines. (Doc. 137) The motion was denied because Broughton was sentenced as a career offender and was not sentenced based on the quantity of drugs. In his motion to vacate Broughton seeks the retroactive application of *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), and *Moncrieffe v. Holder*, ___ U.S. ___ , 133 S. Ct. 1678, 1701 (2013).

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Broughton's motion lacks merit.

Broughton asserts entitlement to relief under Section 2255(f)(3), which establishing a limitation of one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Broughton moves to vacate his sentence within one year of *Descamps* and *Moncrieffe* and argues entitlement to the retroactive application of each case. Because Broughton's underlying claim is based on a false premise, the retroactivity of neither *Descamps* nor *Moncrieffe* is material.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

Broughton pleaded guilty to conspiracy to possess with the intent to distribute fifty grams or more of cocaine. Broughton's criminal history category was VI because he has two prior felony convictions for a controlled substance, specifically a conviction for trafficking in cocaine and a conviction for possession of cocaine with the intent to sell or deliver. Broughton contends (1) that the prior convictions cannot support a career offender sentence because "his prior convictions did not require *mens rea*" as an element of the offense under the Florida statutes and (2) the lack of a *mens rea* element precludes the convictions from "being punishable as a felony under the federal controlled substance act" and from qualifying as a "predicate for enhancement purposes." Although no *mens rea* requirement remains in Florida's offense of simple possession of a controlled substance, the *mens rea* requirement was not removed from all controlled substance offenses. *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012) ("Florida's elimination of *mens rea* was only partial."), *cert. denied*, ___ U.S. ___, 133 S. Ct. 1856 (2013). Neither of Broughton's prior convictions was for simple possession. Broughton's prior convictions require "knowing" as a element of each offense, specifically trafficking – § 893.135(1)(b)(1), Fla. Stat. (1999) ("Any person who knowingly sells . . . . or who is knowingly in actual or constructive possession . . . .") – and possession with the intent to sell – § 893.13(1)(a), Fla. Stat. (1999) ("It is unlawful for any person to . . . possess with intent to sell . . . ."). As a consequence, because he benefits from neither *Descamps*

nor *Montcrieffe* even if either case applies retroactively, Broughton is not entitled to a new limitation under Section 2255(f)(3).[2]

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Broughton is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Broughton must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Broughton is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

---

[2] Additionally, each case is distinguishable. *Monrcrieffe* is limited to aliens challenging their removal and *Descamps* is limited to defendants challenging a sentence under the Armed Career Criminal Act.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Broughton must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 13, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE